## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO.: 10-68797-mhm |
| **WANDA RENEE TYREE,** | ) |
| | ) CHAPTER 7 |
| Debtor. | ) |
| | ) |
| | ) |
| **WANDA RENEE TYREE,** | ) CONTESTED MATTER |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| **GABRIEL GUZMAN,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

### MOTION FOR CONTEMPT FOR VIOLATION OF 11 U.S.C. § 362

COMES NOW WANDA RENEE TYREE, named as Debtor in the above-captioned chapter 7 bankruptcy casae, by and through her undersigned counsel of record and brings this, her motion for contempt for violation of 11 U.S.C. §362.

Facts

1.

Movant filed her chapter 7 bankruptcy case on March 26, 2010.

2.

Upon information and belief, Respondent is a judgment creditor of Movant, holding a default judgment for the sums of ten million dollars ($10,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, as well as post-judgment interest and costs, said judgment entered in Superior Court in Cobb County, State of Georgia, civil action file number 04-1-6366-28 on August 22, 2005.

3.

Upon information and belief, Respondent recorded a writ of fieri facias against Movant in Cobb County, Georgia, on August 23, 2005 at lien book 10, page 3159.

4.

On February 22, 2010, Respondent directed the Cobb County Sheriff to levy on Movant's personal property. Sale of the property was scheduled for April 6, 2010. A van levied against is being held by Barrow Wrecker Service, and the remainder of Movant's property levied against is held by the Cobb County Sheriff.

5.

The personal property levied against was scheduled on Schedule B of Movant's bankruptcy filing and is fully exempt on Schedule C, pursuant to applicable Georgia exemption law.

6.

Upon filing of Movant's chapter 7 case, Movant's counsel notified the Cobb County Sheriff, Barrow Wrecker Service, and Respondent's counsel of the filing. The sheriff's sale of Movant's property was not conducted but the property has not been released to Movant.

7.

Movant's counsel's paralegal spoke to Sergeant Hughes of the Cobb County Sheriff's Office on April 8, 2010, who informed her that Respondent's counsel had directed her to continue to retain possession of the levied-against items.

8.

Movant's counsel notified Respondent's counsel on April 8, 2010, by letter that Respondent was in violation of the automatic stay provisions at 11 U.S.C. §362, and demanded turnover of the levied-against items.

9.

Movant filed a Motion to Avoid Respondent's Lien pursuant to 11 U.S.C. §522(f) on April 8, 2010.

10.

On April 9. 2010, attorney Alex Hait, of the law firm of Hait & Eichelzer that represents Respondent, informed Movant's counsel by email that he disagreed that the automatic stay applied to his debt collection efforts and that he did not intend to direct release of Movant's property to her.

11.

As of the filing of this complaint, Respondent has not sought relief from the automatic stay in the bankruptcy court.

Turnover

12.

Movant hereby incorporates paragraphs 1 through 15 *supra* by reference as if wholly set forth herein.

13.

All items levied against by Respondent constitute property of the estate pursuant to 11 U.S.C. §541.

3

14.

Respondent is in violation of 11 U.S.C. § 362(a)(2) because Respondent, in refusing to release Debtor's property to her, maintains "the enforcement against the debtor or property of the estate, of a judgment obtained before the commencement of the case under this title."

15.

Additionally, Respondent is in violation of 11 U.S.C. § 362(a)(3) as Respondent is engaged in exercising "control over property of the estate."

16.

Additionally, Respondent is in violation of 11 U.S.C. § 362(a)(4) as Respondent is acting in such a manner as to "enforce any lien against property of the estate."

17.

Respondent has neither sought nor been granted relief from the automatic stay pursuant to 11 U.S.C. §362(d) by this Court.

18.

Because Respondent has not been granted relief from the automatic stay and continues to enforce a prepetition judgment against Movant in violation of 11 U.S.C. §§ 362(a)(2-4), Respondent should be ordered to immediately return to Movant all property levied against in satisfaction of Respondent's fi fa as set forth herein.

Actual Damages

19.

Movant hereby incorporates Paragraphs 1 through 21 *supra* by reference as if wholly set forth herein.

20.

11 U.S.C. § 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees."

21.

Upon information and belief, storage fees have been incurred for the post-petition storage of Movant's levied-against property held under Respondent's control.

22.

Additional attorneys' fees have also been incurred by Movant's counsel, for efforts prior to filing of this Complaint to retrieve Movant's property, for drafting and filing of this Complaint, and if necessary for further litigation and/or oral argument of this matter, in an amount this Court deems appropriate.

23.

Respondent has willfully violated the automatic stay inasmuch as, through counsel, he has asserted postpetition control of Movant's property in enforcement of a prepetition judgment in violation of 11 U.S.C. § 362(a)(2), to wit, by directing the Cobb County Sheriff to retain possession of the Debtor's property upon receiving notice of Movant's chapter 7 case, and again by refusing to turn over Movant's property upon receipt of Movant's counsel's demand.

24.

Movant is entitled to an award of actual damages as stated herein and to any further extent this Court deems appropriate as a result of Respondent's willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1).

<u>Punitive Damages</u>

25.

Movant hereby incorporates Paragraphs 1 through 27 *supra* by reference as if wholly set forth herein.

26.

11 U.S.C. § 362(k)(1) provides for an award of punitive damages for willful violations of the automatic stay "in appropriate circumstances."

27.

Respondent has repeatedly, willfully, openly, and egregiously violated the automatic stay as stated herein having been given notice both of the filing of the case, and of Movant's demand for turnover.

28.

Movant should be awarded punitive damages pursuant to 11 U.S.C. § 362(k)(1) as a result of Respondent's willful violation of the automatic stay.

WHEREFORE, Movant prays for relief as follows:

a. That this Court order the immediate turnover of all property under Respondent's control in which Movant has an ownership interest;

b. That this Court find that Respondent willfully violated the automatic stay provisions of 11 U.S.C. §362;

c. That this Court enter an award of actual damages for post-petition storage fees, attorney's fees, costs, and any further such damages as the Court deems appropriate;

d. That this Court enter an award of punitive damages in an amount it deems necessary and appropriate;

e. That Movants be granted such other and further relief as the Court deems just, equitable, and proper.

This 12th day of April 2010.

                                                  THE ROTHBLOOM LAW FIRM

                                                  /s/
                                                  _____
                                                  HOWARD D. ROTHBLOOM
                                                  Georgia Bar No. 915670
                                                  ADAM D. HERRING
                                                  Georgia Bar No. 441119
                                                  Attorneys for Movants
                                                  31 Atlanta St.
                                                  Marietta, GA 30060
                                                  770-792-3636 (voice)
                                                  770-792-3281 (facsimile)
                                                  howard@rothbloom.com
                                                  adam@rothbloom.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO.: 10-68797-mhm |
| **WANDA RENEE TYREE,** | ) |
| | ) CHAPTER 7 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| **WANDA RENEE TYREE,** | ) ADVERSARY NO.: |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| **GABRIEL GUZMAN,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed a true and correct copy of the within and foregoing MOTION FOR CONTEMPT FOR VIOLATION OF 11 U.S.C. § 362 with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following:

Edwin K. Palmer
Chapter 7 Trustee
P.O. Box 1284
Decatur, GA 30031

I have served the following a true and accurate copy via certified mail, return receipt requested U.S. Mail with adequate first class postage affixed thereto to:

Gabriel Guzman
c/o P. Kent Eichelzer or Alex Hait
Hait & Eichelzer
185 Stockwood Dr., Ste. 100
Woodstock, GA 30188

**[signature on following page]**

8

This 12th day of April 2010.

                THE ROTHBLOOM LAW FIRM

                /s/
                _____
                HOWARD D. ROTHBLOOM
                Georgia Bar No. 915670
                ADAM D. HERRING
                Georgia Bar No. 441119
                Attorneys for Movants
                31 Atlanta St.
                Marietta, GA 30060
                770-792-3636 (voice)
                770-792-3281 (facsimile)
                howard@rothbloom.com
                adam@rothbloom.com

NOTICE OF LEVY

STATE OF GEORGIA
COBB COUNTY

TO:   WANDA TYREE
      6605 DESTINY DR
      MABLETON, GA  30126

YOU ARE HEREBY NOTIFIED THAT THE SHERIFF'S OFFICE OF COBB COUNTY HAS LEVIED THE FOLLOWING PROPERTY, TO WIT:

| Qty | Description |
|---|---|
| 1 | 1999 GMC Savana Van G1500 – White in color  MVIN: 1GKFG15M1X1113987    mileage: 151,111 |
| 1 | Kimball piano w/ wooden stool bench    Serial #562518 |
| 1 | Omega mega miter saw    Serial #52697 |
| 1 | Air compressor w/attached 50 ft orange hose    Serial #960231706 |
| 2 | High back lion chairs |
| 1 | Antique armoire – dark brown |
| 1 | Blue, green tree vase |
| 1 | China décor vase |
| 1 | Silver colored platter |
| 4 | Boxes of 6 count wine glasses – new |
| 1 | Off white antique style sofa |
| 1 | Glass bowl (small), clear w/red dots with lid |
| 1 | Glass bowl (medium) clear |
| 1 | Glass ashtray (medium size) |
| 1 | White serving bowl with gold colored trim |
| 13 | Gold colored picture stands – 5 ½ feet |
| 1 | Clear glass punch bowl with 13 glass cups |
| 1 | Cake platter (round) with glass lid |
| 2 | Mirrors (medium) in frames |
| 1 | Mirror (large) in gold colored frame |
| 21 | Pictures in frames |
| 5 | Pictures without frames |
| 1 | Small cherry wood desk |
| 1 | Off-white & silver chair |
| 1 | Off-white & silver round chair |
| 1 | Off-white & silver couch with 4 small pillows |
| 1 | Sony 32" television    Serial #4031510 |
| 1 | Foyer table with mirror attached – dark wood |

EXHIBIT "A"

| | | |
|---|---|---|
| 1 | High arm antique looking sofa (medium) | |
| 2 | Columns with 4 glass shelves    (1 shelf unit) | |
| 1 | Dining room table with 2 removable leaves | |
| 6 | Dining room chairs | |
| 1 | Corner table with marble top | |

LEVIED ON TO SATISFY WRIT OF FIERI FACIAS # 04-1-6366-28 ISSUED IN THE SUPERIOR COURT OF COBB COUNTY IN FAVOR OF GABRIEL GUZMAN.

YOU ARE FURTHER NOTIFIED THAT THE PROPERTY LEVIED UPON IS BEING ADVERTISED BY THE SHERIFF OF COBB COUNTY FOR SALE AT PUBLIC OUTCRY BETWEEN THE HOURS OF 10:00 A.M. AND 4:00 P.M. AT THE COURTHOUSE IN THE CITY OF MARIETTA, COBB COUNTY, GEORGIA IN THE SOUTH END OF THE COURTHOUSE ATRIUM ON THE 6TH DAY OF APRIL, 2010 TO THE HIGHEST BIDDER FOR CASH.

THIS NOTICE OF LEVY IS SENT PURSUANT TO O.C.G.A. SECTION 9-13-60 (b).

THIS THE 22nd DAY OF FEBRUARY 2010.

SGT. CINDY HUGHES

DEPUTY SHERIFF, COBB COUNTY, GEORGIA