UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re:    Wanda Renee Tyree | * | Case No.    A10-68797-MHM |
| | * | |
| | * | Chapter    7 |
| Debtor. | * | |
| | * | |
| | * | |
| WANDA RENEE TYREE, | * | CONTESTED MATTER |
| | * | |
| Movant, | * | |
| | * | |
| Vs. | * | |
| | * | |
| GABRIEL GUZMAN, | * | |
| | * | |
| Respondent. | * | |
| | * | |

### HAIT & EICHELZER's RESPONSE TO AMENDED
### MOTION FOR CONTEMPT FOR VIOLATION OF 11 U.S.C. §362

**COME NOW,** Hait & Eichelzer (Respondent's Counsel), Counsel of Record for Respondent, by and through undersigned counsel, and file this their Response to Movant's Amended Motion for Contempt for Violation of 11 U.S.C. §362 and states unto this Court the following:

Facts

The facts as set forth by Movant are for the most part accurate, with some exceptions; to wit: Respondent did not levy "all" of Movant's household goods nor her primary vehicle. Respondent's levied the following property: (1) 1999 GMC Savana Van G1500, (1) Kimball piano w/ bench, (1) Omega miter saw, (1) Air Compressor, (2) High back lion chairs, (1) Antique armoire, (1) Tree vase, (1) China décor vase, (1) Silver colored platter, (4) boxes of wine glasses, (1) Antique sofa, (1) Small glass bowl and lid, (1) Medium glass bowl, (1) Glass ashtray, (1) White serving bowl, (13) gold colored picture stands 5 ½ feet, (1) Glass punch bowl, (13) Punch size glass cups, (1) Cake platter w/ lid, (2) Medium mirrors in frames, (1) Large

mirror, (21) Pictures in frames, (5) Pictures outside of frames, (1) Small cherry wood desk, (1) Off-white and silver chair, (1) Off-white and silver round chair, (1) Off-white and silver couch w/ 4 small pillows, (1) 32" Sony t.v., (1) Foyer table w/ mirror attached, (6) Dining room chairs, (1) Corner table w/ marble top.

Respondent's Counsel responds generally to this Motion by stating that Respondent, through Respondent's Counsel, did levy said property, with the Movant present, to satisfy a Writ of Fieri Facias (04-1-6366-28) that had been properly issued by the Superior Court of Cobb County. The levy was properly conducted in accordance with applicable Georgia law. Upon proper execution and conclusion of the levy, Movant's legal and equitable ownership interest in the levied property was extinguished. There is no right of redemption of personal property in Georgia.

Respondent's Counsel responds more specifically as follows:

Paragraph (7) states that Movant's counsel notified Respondent's Counsel on April 8, 2010 by letter that Respondent was in violation of the automatic stay; however, due to the fact that the property was taken subject to a valid levy that was properly executed, none of the property was claimed exempt prior to or at the time of the levy, Movant/Debtor's ownership interest in said property was extinguished as of the execution of the levy and the property so levied was not "property of the estate" and was not subject to the Automatic Stay of 11 U.S.C. §362.

Paragraphs (9) and (10) state that Respondent's counsel Hait & Eichelzer stated that they felt that property was not subject to the Automatic Stay and did not intend to release the property to the Movant/Debtor. Further, Movant states that Respondent has not sought relief from the Automatic Stay in the bankruptcy court. Respondent states that for the reason summarized above, and set forth in detail in the Brief in Support of this response, that the property levied upon was NOT "property of the estate" and was NOT subject to the Automatic Stay, no relief therefrom is necessary as it does not attach to this property.

## TURNOVER

Movant states in Paragraphs (11) and (12) that "all items comprising the Property constitute property of the estate pursuant to 11 U.S.C. §541"; however Movant fails to state pursuant to which subsection within that reference, therefore Respondent is unable to form a specific response, but Respondent's Counsel does state that pursuant to Georgia Law, the Movant does not retain a legal or equitable ownership interest in properly levied property, additionally, there is no right to redeem personal property in Georgia.

Movant states in Paragraph (13) that "Respondent is in violation of 11 U.S.C. §362(a)(2) by enforcing a judgment against Movant obtained prior to the commencement of her bankruptcy case" , again, the levied property is not subject to 11 USC §362; however, for information purposes the only action remaining is completion of the Sherriff's sale of the levied property and in an abundance of caution, Respondent's Counsel advised Respondent to cancel the originally scheduled sale even though the Automatic Stay did not attach to the levied property. No further action has been taken since the filing of the Movant's petition.

Paragraph (14) states that "Respondent is in violation of 11 U.S.C. §362(a)(3) by persisting control over property of the estate", again the levied property is not "property of the estate", thus not subject to 11 U.S.C. §362 and no violation can result.

Paragraph (15) states that "Respondent is in violation of 11 U.S.C. §362(a)(4) by persisting in enforcing the lien against property of the estate", again, the levied property is not "property of the estate" and is not subject to 11 U.S.C. §362 and no violation can result, further Respondent's Counsel in unsure what Respondent is doing to "enforce" the lien at this point.

Paragraph (16) states that "Respondent has neither sought nor been granted relief from the automatic stay pursuant to 11 U.S.C. §362(d)"; however, Respondent does not need to seek such relief as the levied property is not "property of the estate" and is thus not subject to 11 U.S.C. §362.

ACTUAL DAMAGES

Movant states in Paragraphs (18) thru (20) that she is entitled to actual damages pursuant to 11 U.S.C. §362(k)(1) and that such actual damages are the storage fees that have been incurred for the post-petition storage of the levied property; however, pursuant to Georgia law, the Plaintiff in the underlying action which is seeking to levy on a Writ of Fieri Facias is responsible for any and all storage fees incurred as a result of such levy, thus, Movant has no actual damages. Further, as no violation of the Automatic Stay has taken place, because the levied property is not "property of the estate", Movant is not entitled to attorneys fees, or cost for bringing this Motion.

PUNITIVE DAMAGES

Movant states in Paragraphs (25) thru (28) that she is entitled and should be awarded Punitive Damages because "Respondent and Respondent's Counsel have repeatedly, willfully, openly, and egregiously violated the automatic stay as stated herein"; Respondent acted on behalf of the advise of Respondent's Counsel, Respondent's Counsel did not repeatedly, willfully, openly, or egregiously violate the automatic stay as the automatic stay does not attach to the levied property because such property is not "property of the estate" because the Movant's legal and equitable ownership interest was extinguished upon the date of the properly executed levy.

CONCLUSION

For reasons stated herein and for reasons stated in the Brief in Support, filed contemporaneously with and incorporated herein, the Movant/Debtor's legal and equitable ownership rights in the levied property were extinguished upon the conclusion of the valid and properly executed levy, there is no right of redemption of personal property in Georgia; thus, the automatic stay of 11 U.S.C. §362 did not attach as the levied property was not "property of the estate" and no violation thereof has occurred.

WHEREFORE, Respondent's Counsel asks that,

1. Movan't Amended Motion For Contempt For Violation Of 11 U.S.C. §362 be denied;
2. That no damages, actual or punitive be awarded;
3. That Respondent's Counsel be awarded reasonable attorney's fees for having to hire undersigned counsel to represent them in this matter;
4. For such further relief that This Court deems necessary and proper.

Respectfully Submitted
this April 30, 2010 by                           Law Office of Robert S. Toomey, PC.
                                                 Attorney for Hait & Eichelzer

                                                 By ___/s/ *Khristie L. Kelly*_____
                                                        Khristie L. Kelly
                                                        Georgia Bar No. 412755

Law Office of Robert S. Toomey, PC
708 N. Tennessee St.
Cartersville,   Ga 30120
(70)607-0600 / (706)235-7006

## Certificate of Service

   I certify that I have within three (3) days of this date served the following parties with a copy of the within and foregoing Pleading as well as the Brief In Support thereof by Placing a true copy of same in the United States Mail with adequate postage affixed to insure delivery, addressed to:

Edwin K. Palmer
Chapter 7 Trustee
PO Box 1284
Decatur, GA 30031

Howard D. Rothbloom
Attorney for Debtor
31 Atlanta Street
Marietta, GA 30060

Office of the US Trustee
Suite 362
75 Spring Street
Atlanta, GA 30303

P. Kent Eichelzer
Alexander G. Hait
Hait & Eichelzer
185 Stockwood Drive
Suite 100
Woodstock, GA 30188

   Dated this April 30, 2010

                   By /s/ *Khristie L. Kelly*
                     Khristie L. Kelly
                     Georgia Bar No. 412755

Law Office of Robert S. Toomey, PC
708 N. Tennessee St.
Cartersville,  Ga 30120
(770)607-0600 / (706)235-7006