|  |  |
|---|---|
| In Re:   Wanda Renee Tyree | *   Case No.   A10-68797-MHM |
|  | * |
|  | *   Chapter   7 |
| Debtor. | * |
| _____ | * |
|  | * |
|  | *   CONTESTED MATTER |
| WANDA RENEE TYREE, | * |
|  | * |
| Movant, | * |
|  | * |
| Vs. | * |
|  | * |
| GABRIEL GUZMAN, | * |
|  | * |
| Respondent. | * |

**HAIT & EICHELZER'S BRIEF IN SUPPORT OF THEIR RESPONSE TO AMENDED MOTION FOR CONTEMPT FOR VIOLATION OF 11 U.S.C. §362**

_____

**COMES NOW** Respondent's counsel, Hait & Eichelzer, by and through counsel and files this Brief in Support of their Response to Movant's Amended Motion for Contempt for Violation of 11 USC Motion for Summary Judgment as follows:

**I. Background Facts**

This matter is properly before the court, and the Court has jurisdiction as it is core proceeding, pursuant to Movant/Debtor's Amended Motion For Contempt For Violation of 11 U.S.C. §362.

On August 22, 2005, Respondent received a judgment award against Movant jointly and severally with other Defendant's in the amount o f Ten Million Dolalrs ($10,000,000) for compensatory damages and Five Millions Dollars in Punitive Damages. Post Judgment interest began to incur from the date of judgment in accordance with Georgia law and cost in the amount of $609.08 were awarded.

1

On August 23, 2005, Plaintiff, Gabriel Guzman, filed Writ of Fieri Facias (FIFA) No. 0003 in Case 04-1-6366-28 for the total amount of the judgment, to wit: $15,000,609.08 said FIFA was recorded on August 23, 2005 in Book 10 pg. 3159 with the Clerk of the Superior Court of Cobb County.

On or around February 22, 2010, Plaintiff Gabriel Guzman, by and through Resondent's Counsel, caused the following property to be levied in partial satisfaction of the above referenced FIFA:

- (1) 1999 GMC Savana Van G1500
- (1) Kimball Piano w/ wooden stool bench
- (1) Omega Miter Saw
- (1) Air Compressor
- (2) High Back Lion Chairs
- (1) Antique Armoire
- (1) Tree Vase
- (1) China vase
- (1) Silver Color Platter
- (4) 6-count boxes of wine glasses
- (1) Off White Antique Sofa
- (1) Small Glass Bowl w/ Lid
- (1) Medium Glass Bowl
- (1) Medium Glass Ashtray
- (1) White Serving Bowl
- (13) Picture Stand (gold color)
- (1) Glass Punch Bowl w/ 13 cups
- (1) Round Cake Platter w/ Glass Lid
- (2) Medium Framed Mirrors
- (1) Large Framed Mirror
- (21) Framed Pictures
- (5) Unframed Pictures

- (1) Small Desk (Cherry Wood)
- (1) Off-White & Silver Chair
- (1) Off-White & Silver Round Chair
- (1) Off-White & Silver Couch w/ 4 pillows
- (1) Sony 32" T.V.
- (1) Foyer Table w/ Mirror
- (6) Dining Room Chairs
- (1) Corner Table w/ Marble Top

In accordance with O.C.G.A. §9-13-60(b), a notice of levy was sent to Movant on or about February 22, 2010.

On or about March 26, 2010, Movant filed for Bankruptcy, to wit: the above styled Chapter 7 case.

## II. APPLICABLE LAW/ISSUES REMAINING

### LAW

O.C.G.A. 9-13-55 – Seizure prerequisite to sale of personalty
(Moore, administrator v. Brown, Bradbury & Catlett Furniture Company 32 S.E. 835 (1899); Sheffield v. Kent 14 GA 528; Champion Box Co. v. Manatee Crate Co. 75 F.2d 340 (1935))
11 U.S.C. 362 – Automatic Stay
11 U.S.C. 541 – Property of the Bankruptcy Estate

### ISSUES REMAINING

How is title to personal property perfected or shown?

Does properly executed levy pursuant to Writ of Fieri Facias (FIFA) divest title to

3

personal property such that the levied property does not become "property of the bankruptcy estate"

Discussion of any UCC law guidance re: perfection of title to personal property.

### III. Statement of Case

Movant Contends that Respondent and Respondent's Counsel should be held in Contempt for Violation of 11 U.S.C. §362, the Automatic Stay.

Plaintiff further contends that the Respondent and Respondent's Counsel repeatedly, willfully and egregiously violated the Automatic Stay.

Respondent's Counsel contends that the levied property is all personal property to which the Debtor is not afforded a right of redemption and thus upon the "seizure" or levy of the property, the Debtor no longer had a legal or equitable interest in the property and thus the property was not "property of the bankruptcy estate" and thus is not subject to the Automatic Stay and no violation thereof has occurred.

### IV. Argument

**How Do You Show Ownership of Personal Property?**

There are no methods for showing or perfecting title/ownership of the majority of personal property except for actual possession of the property or possession of a document showing title. Possession implies ownership and the right to exclude others from possession (i.e. watch, ring, household goods, etc.). Title implies the right to possess a particular piece of property when actual possession is not feasible (i.e. car, boat, etc..).

It is commonly accepted that these are the only methods for proving ownership of

property and that should another lawfully take possession of personal property or the title to the personal property, that possessor becomes the owner of the personal property, having lawfully "divested" the original owner.

## The Effect of a Proper Levy Executed in Accordance With a Properly Recorded Writ of Fieri Facias ("FIFA")

Pursuant to Georgia law, a Judgment Creditor may lawfully gain the right to levy, or take possession of the personal property of a debtor through a properly obtained Writ of Fieri Facias ("FIFA"). Once the levy has taken place, the original owners right to possess the property has been divested as a matter of law. As Georgia law affords no right of redemption of personal property, no ownership legal or equitable remain with the original owner once the property has been levied.

Upon proper levy, the Judgment Creidtor may either a) retain that property as satisfaction or partial satisfaction of the FIFA or b) sell the property and keep the proceeds to satisfy or partially satisfy the indebtedness evidenced by the FIFA.

Either way, a "seizure" must occur for there to be a valid levy. "Generally there must be a taking of the property into the possession of the officer, and a **divesting** of the possession of the owner." <u>Moore, administor v. Brown, Bradbury & Catlett Furniture Company</u> 32 S.E. 835 (p.142).

As mentioned above, Georgia law provides no right of redemption of personal property. This was intentional, which is evidenced by the fact that Georgia law does provide for a right of redemption for real property that has been levied pursuant to a FIFA. This redemption right extends for twelve (12) months.

**Does UCC Article 9 Apply to Levies in Georgia?**

To undersigned counsels information and belief, it is not specifically set out in the O.C.G.A. Provisions relating to the execution of Judgments and Levy of Property, whether or not UCC Article 9 applies to transactions pursuant to and execution of a FIFA.

The Execution of Judgments and Levy of Property is codified in O.C.G.A. 9-13-16, et seq. and is separate from an action to Foreclosure on Personal Property, which is codified in O.C.G.A. 44-14-233-236 and which clearly sets out that portions of such actions to Foreclose on Personal Property are governed by UCC Article 9, where the Execution of Judgments and Levy is not so governed.

However, for the sake of discussion, the reason for the mention of UCC Article 9 in reference to the Foreclosure of Personal Property is to afford the Debtor the protection of having the property sold in a commercially reasonable manner to ensure maximum gain from the foreclosure. In the facts at hand, the sale was abandoned and thus the Judgment Creditor has opted to retain the levied goods in partial satisfaction of the Judgment to the extent of the value of those goods. This is known as "strict foreclosure" as, even under UCC Article 9 the secured creditor "becomes the owner of the collateral, and thereafter may dispose of the collateral at any time and in any manner it chooses without consequence" UCC 9-620. Further UCC Article 9, if it did apply to the Execution of Judgments and Levys, would suppor the fact that once the collateral is "seized" pursuant to this code section, "the debtor may no longer redeem the collateral..i.e. its right to redeem has been foreclosed." (UCC 9-623(c)).

**IS LEVIED PROPERTY, PROPERTY OF THE BANKRUPTCY ESTATE?**

11 U.S.C. §541 sets out that any property in which the Debtor has a legal or equitable interest as of the date of filing is property of the bankruptcy estate.

The landmark case re: whether or not property that was levied pre-petition is

6

considered "property of the bankrtupcy estate" is U.S. v. Whiting Pools, Inc. 462 U.S. 198 (1983). The levy in that case was pursuant to a tax lien and was a tax levy. The IRS Code specifically provides for a limited right of redemption, thus, the Court in Whiting determined that the Debtors still had a legal and equitable right to the property as of the date of filing and thus, ruled that the property was "property of the bankrutpcy estate". The facts in the case at bar are distinguishable in that neither the O.C.G.A. Provisions governing Execution of Judgments and Levy nor UCC Article 9 (which governs Personal Property Actions pursuant to O.C.G.A. 44-14-233-236, which this action does NOT arise out of) afford Debtors the right to redeem personal property once levied, i.e. "seized" such that both the legal and equitable ownership of the debtor are divested.

### IS LEVIED PROPERTY, SUBJECT TO 11 U.S.C. §362?

As set forth above, pre-petition personal property levied pursuant to a valid FIFA without a right of redemption divests the original owner of legal and equitable ownership. As such, said property is NOT property of the bankrutpcy estate and thus is not subject to 11 U.S.C. §362, to wit: The Automatic Stay.

### CONCLUSION

For the reasons set forth herein, as well as in Respondent Counsel's Response to Movan'ts Amended Motion For Contempt For Violation of 11 U.S.C. §362, the Debtor's legal and equitable ownership of the property enumerated herein was divested upon the execution of the levy of the personal property in which the Debtor is afforded no right of redemption. Lacking legal or equitable ownership of the property, the Debtor is unable to include the levied personalty in her banrkutpcy estate and said property is not subject to the Automatic Stay of 11 U.S.C. §362, thus no violation thereof can be assessed against Respondent or Respondent's Counel, upon whose advise Respondent was acting.

|  |  |
|---|---|
| **Respectfully Submitted**<br>**this April 30, 2010 by** | **Law Office of Robert S. Toomey, PC.**<br>**Attorney for Respondent's Counsel**<br><br>**By \_\_\_/s/_____**<br>**Khristie L. Kelly, GA Bar 412755** |

**Law Office of Robert S. Toomey, PC**
**708 North Tennessee St.**
**Cartersville, Ga 30120**
**(770)607-0600**
**fax (770) 607-0671**