**ENTERED ON DOCKET
SEP 27 2010**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| WANDA RENEE TYREE, | ) | CASE NO. 10-68797 - MHM |
| | ) | |
| Debtor. | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| WANDA RENEE TYREE, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| GABRIEL GUZMAN, | ) | |
| HAIT & EICHELZER, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER GRANTING MOTION FOR
### CONTEMPT AND DIRECTING TURNOVER

Debtor filed a *Motion for Contempt for Violation of 11 U.S.C. §362* April 13, 2010 (Doc. No. 15) (the "Motion"). Debtor filed amendments to the Motion April 13, 2010 (Docs. No. 17 and 18) and April 14, 2010 (Doc. No. 24). Hearing was held April 19, 2010, at which counsel for Debtor were present, together with representatives of Respondent law firm Hait & Eichelzer, who appeared on behalf of the law firm and Respondent Gabriel Guzman. Debtor and Respondents filed post-hearing briefs.

The facts alleged in Debtor's motion are essentially undisputed. Respondent Gabriel Guzman, represented by Respondent law firm (collectively, "Respondents"), obtained a default judgment against Debtor August 22, 2005, for $10 million, plus

$5 million punitive damages. A writ of *fieri facias* was recorded August 23, 2005. On February 2, 2010, Respondents directed the Cobb County Sheriff (the "Sheriff") to levy on certain of Debtor's personal property, consisting of household goods and furnishings and a vehicle (collectively, the "Property"). An execution sale was scheduled for April 6, 2010, but before the sale occurred, on March 26, 2010, Debtor filed a Chapter 7 bankruptcy petition. Debtor notified the Sheriff of the bankruptcy petition and the scheduled sale did not take place. Respondents did not, however, instruct the Sheriff to turn over the Property to Debtor.

In the motion, Debtor seeks compensatory and punitive damages for willful violation of the automatic stay of 11 U.S.C. §362(a) by Respondents. Debtor also seeks turnover of the Property.[1] Respondents contend, however, that upon levy of the Property by the Sheriff, Debtor was divested of all right, title and interest in the Property, so that upon filing of Debtor's bankruptcy petition, the Property did not become property of the estate and was not subject to the automatic stay.

The starting point for the analysis of this dispute is *United States v. Whiting Pools, Inc.* 462 U.S. 198 (1983). In that case, which was decided under the Bankruptcy Code enacted in 1978, the debtor sought turnover from the Internal Revenue Service ("IRS") of personal property on which the IRS had levied prepetition pursuant to a federal tax lien.

---

[1] Pursuant to Bankruptcy Rule 7001, a proceeding for turnover should be filed as an adversary proceeding, which Debtor did not do. It does, appear, however, that Respondents were served in accordance with Bankruptcy Rule 7004 and have appeared to oppose the Motion without objecting to the procedural deficiency of failure to file an adversary proceeding. Therefore, such deficiency appears to have been waived.

2

In its analysis, the Supreme Court recognized that the scope of the §541 definition of property of the estate is broad and "is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code." *Id.* at 205. The Court also explained:

> Interests in the seized property that could have been exercised by the debtor – in this case, the rights to notice and the surplus from a tax sale...are already part of the estate by virtue of §541(a)(1). The fact that §542 grants the trustee greater rights than those held by the debtor prior to filing the petition is consistent with other provisions of the Bankruptcy Code that address the scope of the estate.

The Court concluded that the "estate includes property of the debtor that has been seized by a creditor prior to the filing of a [bankruptcy] petition[.]" The Court went on to state, "Of course, if a tax levy or seizure transfers to the IRS ownership of the property seized, §542 may not apply." The Court noted, however:

> The IRS is obligated to return to the debtor any surplus from a sale. 26 U.S.C. §6342(b). Ownership of the property is transferred only when the property is sold to a bona fide purchaser at a tax sale.

Respondents contend the Georgia execution law of levy and sale of personalty presents a critical distinction from the facts in *Whiting Pools*. Although Georgia law provides debtors the rights of notice and payment of surplus from a sale, Respondents assert that the Internal Revenue Code provides tax debtors with a right of redemption that is absent in the Georgia execution law for personalty. This lack of any right of redemption, Respondents argue, means that when, upon levy, a judgment debtor is divested of possession of personalty, the judgment debtor is divested of title to personalty;

3

any subsequent sale is immaterial to divesting the judgment debtor of an interest in the personalty.

A diligent search of Georgia law has failed to discover any case law that verifies or negates Respondent's argument, or that defines when a judgment debtor is divested of title to personal property. Other jurisdictions have touched on the issue in the context of garnishment.[2] In *Woodburn Village Condominium Unit Owners Assn. v. Polly*, 2008 WL 5786899 (Bankr. E.D. Va. 2008), the judgment creditor served a summons of garnishment upon the debtor's bank, but the debtor's bankruptcy case was filed before the date for the turnover of the funds by the bank. The judgment creditor took the position that the garnishment had divested the debtor of ownership of the funds. Nevertheless, the judgment creditor took no steps postpetition to obtain the funds. In determining that the garnished fund did become property of the debtor's bankruptcy estate, the bankruptcy court relied on clearly stated Virginia law that a judgment debtor was not divested of ownership of garnished funds until they were paid to the judgment creditor. The court went on to note that the judgment creditor's status as a secured creditor was "largely illusory," because the Bankruptcy Code provided for avoidance of the judgment lien, either by the Chapter 7 trustee or the debtor.[3]

---

[2] In the case of *In re Johnson*, 262 B.R. 831 (Bankr. D. Idaho 2001), the court found the judgment creditor violated the automatic stay by failing to take steps to have the sheriff turn over the household goods and furnishings of the debtor that had been levied prepetition. The opinion contained no indication that the arguments of ownership raised in the instant case were interposed by the judgment creditor in *Johnson*.

[3] By order entered June 24, 2010, Debtor's motion to avoid Respondent Guzman's judgment lien was granted (Doc. No. 37).

4

In the case of *In re Augenbaugh,* 2002 WL 33939738 (Bankr. D. Idaho 2002), in connection with a continuing garnishment by a judgment creditor, funds that had been withheld from the debtor's prepetition wages were turned over to the judgment creditor postpetition. The judgment creditor declined the debtor's demand for turnover of the funds, asserting that the garnishment had terminated Debtor's interest in the prepetition garnished portion of the wages. The judgment creditor also asserted that mere acceptance of the payment of the garnished funds did not violate the stay. The court disagreed, again based on clearly stated state law, finding that a garnishment creates a lien but does not convey title.

The *Whiting Pools* decision was apparently not based upon any right of redemption the debtor had under the Internal Revenue Code, as redemption is not mentioned in that opinion. The opinion mentions only the right of the debtor of notice and to surplus proceeds, rights which judgment debtors in Georgia possess under the Georgia Code. Otherwise, the facts in *Whiting Pools* are not meaningfully distinguishable from those in the instant case. Respondents' failure to turn over the Property constitutes a violation of the automatic stay. Under §542, turnover of the Property to the Chapter 7 Trustee is required.[4]

A violation of the automatic stay is willful if the creditor knew of the existence of the stay and intentionally acted in violation of the stay. *Barnett v. Edwards (In re Edwards),* 214 B.R. 613, 620 (9th Cir. BAP 1997). Neither a good faith belief that the

---

[4] Section 542 requires turnover to the Trustee of property of the estate and of property claimed by Debtor as exempt property. Debtor has claimed the Property exempt.

5

creditor had a right to the property nor good faith reliance on the advice of counsel is relevant. *Id.* Therefore, under the mandatory provisions of §362(k), Debtor is entitled to recover actual damages, including costs and attorneys fees. As actual damages, the Motion mentions storage fees and attorneys fees, but those fees are not quantified. An award of punitive damages in inappropriate, given the plausibility of Respondents' legal argument and the lack of Georgia law on the issue. Accordingly, it is hereby

ORDERED that Debtor's motion is ***granted***: Within 14 days of the date of entry of this order, Respondents shall take the steps necessary to effect a turnover of all the Property to the Chapter 7 Trustee, including, if necessary, the payment of all storage fees required to obtain a release of the Property. It is further

ORDERED that, within 14 days of the date of entry of this order, Debtor shall file an itemization of actual damages she claims in connection with Respondents' violation of the automatic stay, and shall serve such document upon Respondents, who are allowed 10 days from the date of service to file a written response. If no response is filed, an order awarding damages may be entered without further notice or hearing. If a response is filed, a hearing will be scheduled if specifically requested by either party, setting forth the reason a hearing is necessary; or if an accurate resolution of the issues appears to require a hearing. Otherwise, an order may be entered without further notice or hearing.

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Debtor, Debtor's attorney, and the Chapter 13 Trustee.

IT IS SO ORDERED, this the 24th day of September, 2010.

MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE